```
              IN THE UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF DELAWARE

In re:                              )    Chapter 11
UD DISSOLUTION CORP.                )
    (f/k/a, V3 Systems, Inc.)       )
    Debtor.                         )    Utah Bankruptcy Case
                                    )    No. 14-32546
                                    )
_____)
                                    )
UD DISSOLUTION LIQUIDATING          )
TRUST,                              )
                                    )
    Plaintiff,                      )
                                    )
    v.                              )    Misc. Pro.
                                    )    No.: 18-00102 (MFW)
SPHERE 3D CORP., V3 Systems         )
HOLDINGS, INC., PETER TASSIOPOULOS,)
JASON D. MERETSKY, ERIC L. KELLY,   )
PETER ASHKIN, MARIO BIASINI, GLENN  )
M. BOWMAN, DANIEL J. BORDESSA,      )
VIVEKANAND MAHADEVAN, OVERLAND      )
STORAGE, INC., SILICON VALLEY       )
TECHNOLOGY PARTNERS, LLC, CYRUS     )
CAPITAL PARTNERS, L.P., FBC         )
HOLDINGS, S.A.R.L., CRESCENT 1,     )
L.P., CRS MASTER FUND, L.P., CYRUS  )
OPPORTUNITIES MASTER FUND II, LTD.,)
CYRUS SELECT OPPORTUNITIES MASTER   )
FUND II, LTD., CYRUS CAPITAL        )
PARTNERS GP, L.L.C., CYRUS CAPITAL  )
ADVISORS, L.L.C., STEPHEN C.        )
FREIDHEIM, and JOHN DOES I-X,       )    Rel. Docs. 22, 49,
                                    )    50, 52, 57
    Defendants.                     )
```

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of UD Dissolution Liquidating

Trust (the "Plaintiff") to Strike the counterclaim filed by

---

[1] The Court is not required to state findings of fact or conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Instead, the facts recited are those averred in the Amended Complaint, which must be accepted as true for the purposes of this Motion to Dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants Sphere 3d Corp. ("Sphere") and V3 Systems Holdings, Inc. ("Holdings"). For the following reasons, the Court will grant in part and deny in part the Motion.

I. BACKGROUND

A detailed background of this case is set forth in the Memorandum Opinion addressing the Motions to Dismiss filed by the Defendants. The facts specific to this Motion are as follows.

On November 26, 2014, V3 Systems, Inc. ("V3") commenced a chapter 11 bankruptcy case in the Bankruptcy Court for the District of Utah. (Utah D.I. 1).[2] Sphere and Holdings filed a proof of claim in that case, which was amended on November 6, 2015, asserting a general unsecured claim in the amount of $13,051,576 for damages arising from misrepresentations relating to, and breaches of, an Asset Purchase Agreement (the "APA") between Sphere, Holdings, and V3. (Claim 26-2.) In the interim, on October 6, 2015, the Plaintiff filed a complaint ("the Original Complaint") against Sphere, Holdings, and others asserting, inter alia, an objection to the proof of claim and its own claims alleging breach of the APA by Sphere and Holdings. At a hearing held in November 2015 on the Plaintiff's motion to estimate the claim, the Bankruptcy Court advised that it would

---

[2] References to the record are: "D.I. #" for pleadings from the instant Delaware proceeding and "Utah D.I. #" for references to the original Utah case, case no. 14-32546.

adjudicate the proof of claim in the adversary proceeding.

Thereafter, venue of the adversary proceeding was transferred to this Court.  On October 22, 2019, the Plaintiff filed an amendment to the Original Complaint (the "Amended Complaint") which asserted claims against additional Defendants.  (D.I. 18.)  On February 10, 2020, Sphere and Holdings, and the other Defendants, filed several Motions to Dismiss the Amended Complaint.  (D.I. 23, 28, 33.)  On that same day, Sphere and Holdings filed an answer to the Amended Complaint which included affirmative defenses, a counterclaim, and a jury trial demand.  On May 29, 2020, the Plaintiff filed a Motion to Strike the counterclaim and jury trial demand.  Briefing is complete and the matter is ripe for decision.

II.  JURISDICTION

Each of the Counts in the Amended Complaint is a core proceeding over which the bankruptcy court may preside.  28 U.S.C. § 157(b)(2)(A), (B), (C), (E), (H), and (O).

The parties have impliedly consented to this Court's entry of a final order, having filed multiple pleadings in the adversary proceeding, none of which raise jurisdictional objections.  Del. Bankr. L.R. 7008-1, 7012-1.  See also Wellness Int'l, Ltd. v. Sharif, 135 S. Ct. 1932, 1948 n.13 (2015) (holding that bankruptcy court may adjudicate claims over which it may not

have constitutional jurisdiction if the parties voluntarily and knowingly consent, expressly or impliedly); In re Tribune Media Co., 902 F.3d 384, 395 (3d Cir. 2018) (holding that a litigant impliedly consents to jurisdiction where the litigant joins a case and files multiple documents without raising the issue).

Even without consent of all parties, however, the Court has the power to enter an order on a preliminary matter, such as a motion to strike, notwithstanding its lack of authority to enter a final order on the merits of the underlying matter. See, e.g., Welded Constr., L.P. v Prime NDT Servs., Inc. (In re Welded Constr., L.P.), 605 B.R. 35, 37 (Bankr. D. Del. 2019); Burtch v. Owlstone, Inc. (In re Advance Nanotech, Inc.), Adv. No. 13-51215 (MFW), 2014 WL 1320145, at *2 (Bankr. D. Del. Apr. 2, 2014); O'Toole v. McTaggart (In re Trinsum Grp., Inc.), 467 B.R. 734, 739-40 (Bankr. S.D.N.Y. 2012).

Therefore, the Court may consider and enter a final judgment on the instant motion.

III. DISCUSSION

    A.    Standard of Review

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); Fed. R. Bankr. P. 7012(b). Thus, the rule gives the Court discretion

to grant or deny the motion to strike.

A motion to strike can be used to strike allegations that are repetitive of other causes of action to avoid complicating the case or causing a party to waste resources by litigating the same claim twice. Nguyen v. CTS Elecs. Mfg. Sols. Inc., 301 F.R.D. 337, 342 (N.D. Cal. 2014) (dismissing part of second cause of action which was duplicative of the first, while leaving remainder non-duplicative claims); Chorches v. U.S. Bank N.A., No. MC 11-00105 (KJC), 2014 WL 5280002, at *3 (Bankr. D. Del. Oct. 15, 2014) (striking part of complaint because its merits would be decided in a separate adversary proceeding).

However, motions to strike are disfavored and are ordinarily denied "unless allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Finjan, Inc. v. Rapid7, Inc., C.A. No. 18-1519-MN-MPT, 2019 WL 2590857, at * 3 (D. Del. June 25, 2019) (recommending denial of motion to strike counterclaims).

A motion to strike may also be used to strike a demand for a jury trial where the litigant has no such right. See, e.g., Schwinn Plan Comm. v. AFS Cycle & Co. Ltd. (In re Schwinn Bicycle Co.), 184 B.R. 945, 948-50 (Bankr. N.D. Ill. 1995) (granting motion to strike jury demand where defendant had filed a counterclaim asserting a claim against the estate).

B.     <u>Motion to Strike Counterclaim</u>

The Plaintiff asserts that the counterclaim should be stricken because it is redundant of the proof of claim that Sphere and Holdings filed in the bankruptcy case. It contends that the counterclaim is not a compulsory counterclaim because "a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief." Fed. R. Bankr. P. 7013. Because the alleged breaches of contract occurred pre-petition, the Plaintiff argues that the counterclaim is not a compulsory one. The Plaintiff further argues that Sphere and Holdings voluntarily submitted to the jurisdiction of the Bankruptcy Court in Utah by filing their proof of claim there and consequently that is where it should be adjudicated.

Sphere and Holdings respond that the filing of the proof of claim does not prohibit the filing of the counterclaim which is not redundant of any other claim in the adversary proceeding and is not immaterial, impertinent, scandalous or prejudicial to the Plaintiff in any way. Further, they contend that the issues raised by the counterclaim arise out of the same transactions and occurrences that are the subject of the Amended Complaint. Finally, they agree with the Plaintiff that the counterclaim should be adjudicated in the same forum as their proof of claim

6

but argue that this Court is the proper forum because the Plaintiff has objected to their proof of claim in the Amended Complaint.

The Court agrees with Sphere and Holding that the motion to strike the counterclaim must be denied.  First, the Plaintiff has expressly objected to the proof of claim filed by Sphere and Holdings in Counts 1 through 6 of the Amended Complaint.  (D.I. 18 at ¶¶ 190-217.)  Venue of that Complaint now resides in this Court, and it is this Court, not the Utah Bankruptcy Court, that must adjudicate the claim and the objections to it.

Second, even if the Amended Complaint were not a formal objection to the proof of claim, other Counts in the Amended Complaint are based on the same facts and legal issues as those on which the counterclaim is predicated.  Therefore, judicial economy warrants having them heard at the same time.

Finally, the counterclaim does not contain any redundant, immaterial, impertinent or scandalous matter.  Nor is its adjudication in connection with the claims in the Plaintiff's Amended Complaint prejudicial to the Plaintiff.  Therefore, the Court will deny the motion to strike the counterclaim.

    C.   <u>Motion to Strike Jury Trial Demand</u>

The Plaintiff asserts two bases for striking the jury trial demand.  First, it contends that Sphere and Holdings have waived that right under the APA.  (D.I. 18 at Ex. D, § 11.10.)  Second,

the Plaintiff asserts that the filing of their proof of claim subjected them to the Utah Bankruptcy Court's equitable jurisdiction and waived their right to a jury trial.  See, e.g., Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990) (by filing a proof of claim, a defendant has waived its right to a jury trial in a preference action filed against it because both are integral to resolution of the debtor-creditor relationship).

Sphere and Holdings respond that other defendants named in the Amended Complaint will be entitled to a jury trial on the same claims that are asserted against Sphere and Holdings.  Therefore, they argue that as a matter of practicality their jury trial demand should not be stricken.

The Court disagrees with Sphere and Holdings.  They have clearly waived their right to a jury trial both in the APA, to which both are parties, and by filing a proof of claim in the Bankruptcy Court, thereby subjecting them to its equitable jurisdiction.  (D.I. 18 at Ex. D, § 11.10); Langenkamp, 498 U.S. at 44-45.  Consequently, the Court will grant the Motion to Strike the jury trial demand.

IV. CONCLUSION

For the reasons set forth above, the Court will deny the Plaintiff's Motion to Strike the counterclaim and grant the Plaintiff's Motion to Strike the jury trial demand.

An appropriate Order follows.

Dated: March 19, 2021  BY THE COURT:

*Mary F. Walrath*
MARY F. WALRATH
United States Bankruptcy Judge

SERVICE LIST

Albert H. Manwaring, IV, Esquire
Morris James LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2309
Counsel for UD Dissolution Liquidating Trust

Kevin N. Anderson, Esquire
Fabian Vancott
215 South State Street, Suite 1200
Salt Lake City, UT 84111
Counsel for UD Dissolution Liquidating Trust

Eric Lopez Schnabel, Esquire
Dorsey & Whitney (Delaware) LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Counsel for Sphere 3d Corp. and V3 Systems Holdings, Inc.

Milo Steven Marsden, Esquire
Dorsey & Whitney LLP
111 South Main Street, Suite 2100
Salt Lake City, UT 84111
Counsel for Sphere 3d Corp. and V3 Systems Holdings, Inc.